UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-CR-0376-SEB-TAB |
| | ) | |
| QUANTEL WHITE, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petitions") filed on October 21 2021, and March 4, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 23, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 23, 2022, defendant Quantel White appeared in person with his appointed counsel, Michael Donahoe. The government appeared by Patrick Gibson, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Mark McCleese, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. White of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. White questions to ensure that he had the ability to understand the proceedings and his rights.

2. Copies of the Petitions were provided to Mr. White and his counsel, who informed the court they had reviewed the Petitions and that Mr. White understood the violations alleged. Mr. White waived further reading of the Petitions.

3. The court advised Mr. White of his right to a preliminary hearing and its purpose. and of the rights he would have at a preliminary hearing. Mr. White stated that he wished to waive his right to a preliminary hearing and stipulated to probable cause.

4. The court advised Mr. White of his right to a hearing on the Petitions and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. White, by counsel, stipulated that he committed Violation Numbers 1, 3, 4, 6, 7, 8, 9, and 10 set forth in the Petitions as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon."**<br><br>While residing at the Volunteers of America (VOA), Mr. White's phone was reviewed by staff, who located multiple photographs of a firearm, as |

|   |   |
|---|---|
|   | well as pictures of the offender with the same handgun in his waist band. The pictures were date stamped October 2, 2021.  Additionally found was a video showing Mr. White walking behind a female who is waving this firearm, and another video that appears to be the offender riding in a car with the firearm on his lap. |
| 3 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program.  The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."** |
|   | As previously reported to the Court, Mr. White failed to attend substance abuse treatment sessions on September 20, September 24, and September 27, 2021. Subsequently, he missed a session on October 6, 2021. |
| 4 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner.  You shall follow the prescription instruction regarding frequency and dosage."** |
|   | On October 12, 2021, the offender submitted a urine specimen which tested positive for marijuana. Additionally, the sample was presumptively positive for Opiates and Oxycodone/Noroxycodone. As previously reported to the Court, Mr. White submitted urine specimens on September 10, and September 27, 2021, which tested positive for Cannabinoids. |
| 6 | **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT)), at the direction of the probation officer and abide by the rules of the program."** |
|   | As previously reported to the Court, Mr. White failed to begin MRT as scheduled on July 6, and July 13, 2021. Consequently, the start date was moved to July 20, 2021. On that day, he was 16 minutes late and did not have his homework prepared. On July 27, 2021, he was twenty-seven minutes late to group and again did not have his homework prepared. On August 24, August 31, and September 7, 2021, Mr. White did not attend MRT. On September 14, and September 21, 2021, he attended MRT but did not have his homework completed.  When confronted, Mr. White stated he had "a lot on my plate." |
| 7 | **"You shall reside in a residential reentry centr for a term of 180 days. You shall abide by the rules and regulations of the facility."** |

> Mr. White began residency at the VOA on October 12, 2021. On October 18, and October 19, 2021, he was allowed to leave late at night to go to the hospital. On both dates, he did not call the VOA to check in and was late returning to the facility. His activities and whereabouts are not fully known. On October 20, 2021, at approximately 8:02 p.m., Mr. White again left the VOA to go to the hospital. He did not return to the facility and his current location is unknown.

> 8   **"You shall not commit another federal, state, or local crime."**

> On February 25, 2022, Ohio State Police completed a traffic stop on a vehicle operated by Mr. White. Officers noted the smell of marijuana and the driver appeared to be impaired. After providing a false name, Mr. White ultimately communicated his real identity. On February 28, 2022, in the Defiance, Ohio, Municipal Court, he was found guilty of Possession of Marijuana, Operating a Vehicle under the Influence, Operating a Vehicle Without a License, Providing False Information, Speeding, and Not Wearing a Seatbelt. The sentence included fines and court costs, as well as 30 days jail, suspended.

> 9   **"You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer."**

> As noted above, Mr. White was outside the Southern District of Indiana on February 25, 2022. He did not have permission to be outside the district.

> 10   **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner."**

> On October 20, 2021, Mr. White submitted a urine specimen which tested positive for Cannabinoids. Additionally, as indicated in violation 8, on February 25, 2022, marijuana was found in the vehicle driven by Mr. White.

6. The court placed Mr. White under oath and directly inquired of Mr. White whether he admitted Violation Numbers 1, 3, 4, 6, 7, 8, 9, and 10 of his supervised release set forth above. Mr. White admitted the violations as set forth above.

7. Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

8. The parties and the USPO further stipulated:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. White's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of Mr. White's supervised release, therefore, is 12 - 18 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of eighteen (18) months with no supervised release to follow. Defendant requested placement at FCC Terre Haute with substance abuse treatment.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, QUANTEL WHITE, violated the above-specified conditions in the Petitions and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. This Magistrate Judge makes a recommendation of placement at FCC Terre Haute with substance abuse treatment.

Counsel for the parties and Mr. White stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. White entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561

*et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. White's supervised release, imposing a sentence of eighteen (18) months with no supervised release to follow. This Magistrate Judge makes a recommendation of placement at FCC Terre Haute with substance abuse treatment. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 3/25/2022

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system